# Fourth Court of Appeals
## San Antonio, Texas


October 26, 2020

No. 04-20-00422-CR

Matthew **HOGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13464
Honorable Jefferson Moore, Judge Presiding

# C O R R E C T E D   O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Appellant entered into a plea bargain with the State, and pled nolo contendere to a felony offense.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" See Tex. R. App. P. 25.2(a)(2). Appellant timely filed a notice of appeal in which he states "the substance of the appeal was raised by written motion and ruled on before trial." The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. See Tex. R. App. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Id.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. See Tex. R. App. P. 25.2(a)(2). The clerk's record does not reflect the trial court gave permission to appeal and the only matters raised by written motion filed and ruled on before trial shown by the clerk's record are (1) motions regarding an investigator, (2) a motion for examination of defendant, (3) a motion for discovery, (4) a motion for State to reveal agreement, (5) a motion for witness list, (6)

a motion in limine, (7) a Brady motion, (8) a motion for discovery of punishment evidence, (9) a motion for continuance, (10) a motion to withdraw as counsel, and (11) a motion to withdraw defendant's plea. See id.

The record also appears to support the trial court's certification that appellant does not have a right to appeal. See Dears v. State, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On September 11, 2020, appellant was given notice that this appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless, no later than October 12, 2020, appellant (1) filed a written response, establishing that this is not a plea bargain case or that he has a right to appeal under Rule 25.2(a)(2)(A)-(C), or (2) obtained an amended certification from the trial court that states appellant has the right to appeal and causes it to be made part of the appellate record. See Tex. R. App. P. 25.2(d); Daniels v. State, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order) (en banc), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).  Our order also suspended all appellate deadlines until further order of the court.  Appellant did not respond to this court's September 11, 2020, order; therefore, on October 21, 2020, this appeal was dismissed.

On October 21, 2020, appellant's appointed counsel, Mr. Michael D. Robbins, filed a motion for rehearing in which he stated appellant "recall[ed] that the trial court orally granted him permission to appeal."  Mr. Robbins asserts complete reporter's records from the February 3, 2020 plea hearing and the July 29, 2020 sentencing hearing are necessary to determine whether permission was granted and any appealable issues were raised at those hearings.  Mr. Robbins filed the request for a reporter's record on September 15, 2020.  According to Mr. Robbins, court reporter Debbie Doolittle took the record from these two hearings.

Ms. Doolittle is hereby ORDERED to file the reporter's records from the February 3, 2020 hearing and the July 29, 2020 hearing with this court no later than November 23, 2020.

Appellant's motion for rehearing is HELD IN ABEYANCE pending further order of this court.

It is so **ORDERED** on October 26, 2020.

**PER CURIAM**

ATTESTED TO: _____

MICHAEL A. CRUZ,
CLERK OF COURT